

FILED

MAR 1 6 2006

US DISTRICT COURT, EDNC
BY ___ DEP. CLK

**IN THE UNITED STATES
DISTRICT COURT**

**EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| Michele C. Brown | ) |
| Plaintiff | ) CIVIL ACTION FILE NUMBER:<br>) 5:06-CV-123 |
| Vs. | ) |
| Citibank, South Dakota N.A., | ) FAIR DEBT COLLECTION |
| Bernhardt and Strawser, P.A., | ) PRACTICES ACT |
| Robert J. Bernhardt, | ) 15 U.S.C. §1692, et.seq. |
| Jane Doe, John Doe, | ) 18 U.S.C. § 1341 |
| One Up, | ) 39 U.S.C §§ 3001 (d)(h)(i) and 3005 |
| Defendants | ) **COMPLAINT** |

## I.   INTRODUCTION

1) This is an action brought for damages brought forth by an individual
consumer, pursuant to for Defendant's violation of Title 15 U.S.C. §1692,
et seq. A.K.A the Fair Debt Collection Practices Act. These laws strictly
prohibit debt collectors and creditors, as well as actors, acting as debt
collectors from engaging in abusive, deceptive, and unfair collection
practices.

## II. JURISDICTION

2) Jurisdiction of the Court arises under Title 15 U.S.C. § 1692k(d), which grants this United States District Court jurisdiction to hear this action without regard to the amount in controversy. Title 28 U.S.C. §1337 and 28 U.S.C. § 1331 and supplement jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367 and Declaratory relief is available pursuant to Title 28 U.S.C. §§ 2201 and 2202.

3) Venue lies in this district pursuant to Title 28 U.S.C. § 1391(b).

## III. PARTIES

4) The Plaintiff, Michele C. Brown(hereinafter referred to as "Plaintiff", and/or "Plaintiff Brown") is a natural person [individual] and consumer pursuant to Title 15 U.S.C.§ 1692a[3] who's true and current address is 5063 Cokesbury Road Fuquay Varina, NC 27526

5) The Defendant, Citibank, South Dakota N.A.(hereinafter referred to as "Bank", and/or "Defendant Bank"), whose principal consumer contact address is listed as 701 EAST 60TH ST. NORTH SIOUX FALLS, SD 57117 is the "master" under the Doctrine of Respondeat Superior in all relevance pursuant to the stated federal and state violations and therefore not exempt under their alleged creditor status pursuant to Title 15 U.S.C. §1692a[6][F][ii}[iii]. Defendant Bank is a party to this lawsuit by which the Bank pursues the claim in consideration of receiving part of the proceeds

or part of the judgment ("Champerty"). The Bank's action and/or support of this action are guided under "Maintenance" by which the Bank maintains, supports or promotes the litigation of another. The amount of documents filed and/or caused to be mailed by Defendant clearly proves that Defendant BANK knew, or should have known, and approved of these conspiratorial activities of all Defendant attempting to illegally collect on the purported debt. Defendant Bank is the real master in this case as provided for by the Doctrines of Respondeat Superior and Apparent Authority. This doctrine or maxim means that a master (Bank) is liable for the wrongful acts of his servant(s), Defendant Law Firm and the agents and employees of the same.

6) Defendant Bank is liable under the Doctrines of Respondeat Superior and Apparent Authority for the actions of its agents, servants and/or employees and directly supervised, controlled, managed and administered the directions and/or orders to Defendant Bank.

7) Defendant, Bernhardt and Strawser, P.A.(hereinafter referred to as "Defendant Law Firm"), whose principal consumer contact address is 5821 Fairview Road Suite 550 Charlotte North Carolina 28209 is liable under the Doctrine of Respondeat Superior for the actions of its agents, servants and/or employees and directly supervised, controlled, managed and administered the directions and/or orders to Defendant Law Firm. Defendant Law Firm, by their own admission, is a debt collector pursuant to Title 15 U.S.C. 15 § 1692a(6) and is covered by the FDCPA and

received the purported debt after it was in default.

8) Defendant, Robert J, Bernhardt, esquire, (herein after referred to as "Defendant Bernhardt")is a natural person engaged in the practice of law and associated with the debt collecting law firm of Bernhardt and Strawser and is a debt collector pursuant to Title 15 U.S.C. 15 § 1692a(6) and is not exempt under 15 U.S.C. §1692a(6)(A)-(F) and is personally liable for his actions as a debt collector at all times relevant to this complaint.

9) Defendant(s), JOHN DOE, JANE DOE, AND ONE UP, are natural persons whose true names are not known and are agents and/or employees of Defendant Law Firm and are debt collectors, pursuant to FDCPA, 15 U.S.C. § 1692a(6), and are not exempt under 15 U.S.C. § 1692a(6)(A)-(F), and are personally liable for their actions as debt collectors at all times relevant to this Complaint.

## IV. FACTUAL ALLEGATIONS

10)Plaintiff Brown signed documents which lead her to believe that Defendant Bank was going to lend Plaintiff an unsubstantiated amount to be used for consumer goods pursuant to 1692a (5).

11) The supposed debt at issue arises out of this transaction, which was primarily for personal, family or household purposes pursuant to 15 U.S.C § 1692a(5).

12) Defendant Bank hired and/or otherwise engaged and/or retained the debt collecting law firm of Bernhardt and Strawser, P.A.(hereinafter referred to as "Defendant Law Firm") to represent the Bank. Bank has ordered, controlled, managed, dictated, ruled, governed and are directly responsible for the illegal actions of the debt collector under the Doctrines of Respondeat Superior and Apparent Authority, maintenance and champerty.

13) Defendant Law Firm, pursuant to TITLE 15 § 1692a (6) were hired and/or otherwise engaged and/or retained to collect a debt pursuant to TITLE 15 U.S.C. §1692a (5) a debt that was allegedly owed by Plaintiff Brown to Defendant Bank. (hereinafter the alleged "debt").

14) At all pertinent times hereto, Defendant Law Firm, pursuant to TITLE 15 § 1692a(6) were hired to collect a debt pursuant to TITLE 15 U.S.C. §1692a(5) a debt that was allegedly owed to Defendant Bank(hereinafter the alleged "debt").

15) Plaintiff Brown denied the allegations of Defendant Bank in regards to the purported debt both orally and in writing.

16) The alleged debt in question disappeared from Plaintiff Brown's credit report(s).

17) Defendant Law Firm filed a summons and complaint in the North Carolina GENERAL COURT OF JUSTICE, SUPERIOR COURT DIVISION alleging that Plaintiff Brown owed an unsubstantiated debt of $16,767.34.

18) Defendants Bank and Law Firm have failed to produce any signed contracts or any other proof of their allegations of debt.

## **FIRST CLAIM FOR RELIEF**

## **FAIR DEBT COLLECTION PRACTICES ACT**

## **VIOLATIONS**

## **COUNT 1**

19)    Plaintiff in promulgating this suit and in her limited capacity as a least sophisticated consumer under 1692e and under 1692d the least susceptible consumer, and hereby relies upon the various actions undertaken by said Defendants et. al., both seen and unseen, as provided for by document(s) and/or exhibit(s) attached. Coupled to the overall complexity arising there from, upon further discovery, the degree of implication or culpability otherwise expressed or implied may or may not be limited to such allegations as contained herein. This Honorable Court must take into account the true intentions of preventing these debt collection abuses under the passage of the Fair Debt Collection Practices Act and use Section 4 of the Federal Civil Advisory Inflationary Act of 1990, 28 U.S.C.§ 2461, as amended, which authorizes this Court to award monetary penalties of not more that $11,000.00 for each violation of the FDCPA and/or up to $1,000.00 per each violation under the statutory damages under Title 15 U.S.C.§ 1692k(d) under Congressional intent.

20) Defendants, individually and/or collectively on numerous and varied occasions, in connection with the collection of an alleged debt that didn't even exist, let alone in default when obtained, maintained and/or otherwise controlled by Defendants. Defendant Law Firm and Defendant Bank, henceforth, engaged in an enterprise and/or conspiracy by employing false, deceptive, or misleading representations or means, in violation of, including but not limited to FDCPA, **15 U.S.C. § 1692 et seq**, the **North Carolina Uniform Commercial Code Chapter 25 et seq., Title 18 U.S.C. § 1341** and **Title 39 U.S.C.§§ 3001(d),(h),(i) and 3005.**

21) Defendant Bank, under the Doctrines of Respondeat Superior and Apparent Authority, in their capacity of MASTER, and/or under guise of a champertous relationship knew or should have known the actions, methods, measures and/or manner engaged by Defendant Law Firm under the supervision of Defendant Bank, whether direct or indirect, whole or in part, constituted a fraudulent enterprise by devise employed.

22) Defendant Law Firm has violated 1692e by committing fraud and perjury by improperly seeking judgment, asserting that they had holder in due course status and/or were in possession of legal negotiable instrument(s) that have yet to be produced.

23) Defendants Law Firm and Bank have committed fraud and perjury upon a Court of competent jurisdiction, by improperly pursuing a Complaint and seeking judgment, asserting that they have holder in due course status

and/or other legal negotiable instrument(s) that they have yet to produce. 1692d(1)(2), 1692e(2)(A), e(5), e(10), e(9), e(13),and 1692f(1).

24) Defendants Law Firm and Defendant Bank are misrepresenting the "amount of the debt" by claiming that Plaintiff owes any money without proper documentations to prove the validity of their unauthorized, illegal and immoral claim (1692e(2)(A)(B)), 1692f(1).

25) Defendant Law Firm and Defendant Bank violated 1692d, 1692e, 1692f, 1692j when they conspired in a deceptive, false, misleading, oppressive, and abusive use of authority (the Courts) by unjust persecution and wrongful use of civil procedure in which the natural consequence is to injure Plaintiff Brown in an attempt to collect on a debt; although Plaintiff Brown claimed many time that she had never signed any contract with Defendant Bank (Citibank).

26) Defendant Law Firm, who takes their orders from Defendant Bank, is directly liable for their actions under the FDCPA.

27) Defendant Law Firm and Defendant Bank have violated 1692f(1) by charging any amount of money not specifically outlined in the Contract or permitted by state law. Examples are Fees, interest, out of pocket expenses, principle unless the amount is expressly authorized by the agreement creating the debt.

28) By pursuing and seeking judgment through the court system in an attempt to coerce Plaintiff into paying the purported debt, Defendants Bank and Law Firm are in violation of 1692f (6)(A) and(C).

29) Defendant Law Firm has not reviewed the Plaintiff's files in violation of 1692e(2)(a), e(3), e(10) and 1692f(1).

30) Defendant Law Firm is attempting to collect attorney fees, interest and out of pocket expense without breaking down the charges in great detail, which is a violation of 1692e(2)(b) and 1692f(1).

## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT II

31) Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto, which are incorporated herein by reference.

32) Defendant Law Firm and Defendant Bank, used false representation and illegal, (bordering on criminal conspiracy), documents as a deceptive means to collect unsubstantiated debt, 1692e(10), 1692e(3), 1692e(2)(A), 1692f(1) and 1692d(1).

33) Defendants' Law Firm and Bank, correspondence, that simulated legal process violated 15 U.S.C. §§1692e(5), 1692e(9), 1692e(13) and 1692e(10).

34) Correspondence from Defendants Law Firm and Bank, which simulates legal process, is a violation of 15 U.S.C. §§1692e(5), 1692e(9), 1692e(13) and 1692e(10).

35) Defendant Law Firm and Defendant Bank may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of Title 15 U.S.C. §1692e.

36) Defendant Law Firm and Defendant Bank intentionally have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff Brown by deceptive (1692e) tactics in violation of Title 39 U.S.C. §3001(h),(i), and by using the U.S. Mail in order to deliver deceptive solicitations (extortion) sent through the United States Postal Service.

37) Defendant Law Firm and Defendant Bank, (hereinafter referred to as Defendants) have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 39 U.S.C. §§3001, 3005 by mailing falsely created illegal documents that represented a false communication for the purpose of obtaining money or property that is delivered by the United States Postal Service.

38) Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 39 U.S.C. §3001(d) and 1692e(10),(13)1692d(1) and 1692f(1) and 1692d(1) by creating illegal Court documents.

39) Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct violation of Title 18 U.S.C. §1341, 1692e(10), e(2)(A) and 1692f(1) by using a fraudulent scheme to collect a debt.

40) Defendants, et. al, have entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff in direct

violation of §§1692d(1) 1692(10) and 1692e(5) and making Defendant's actions illegal and making criminal debt collection conduct actionable.

41)Defendants, et. al, having entered into a criminal conspiracy for the purpose of attempting to collect an alleged debt and to defraud Plaintiff, is actionable under mail fraud statute, tort laws, unfair trade practices statutes and is also a predicate offense for a civil RICO claim under The Federal Racketeer Influenced and Corrupt Organization provisions of the Organized Crime control Act of 1970.

42)Plaintiff suffered headaches, nausea, embarrassment, great emotional distress, whereby Plaintiff was unable to function normally, thereby developing insomnia, as well as other directly attributable maladies. The prevalence of nervousness, fear and worry, and stress-induced illness, along with other signs of uncertainty were rampant upon Plaintiff and her family.

43)Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the Fair Debt Collection Practices Act (hereinafter referred to as FDCPA) and other law mentioned in the caption page of this Complaint.

44)Defendants Law Firm and Bank, et. al are "Debt Collectors" as defined by 15 U.S.C. §1692a(6).

45)Contacts made between Defendants and Plaintiff Brown are "communication(s)" relating to a "alleged debt" as defined by Title 15 U.S.C. §1692a(5) that does not exist with Defendant Bank (Citibank).

46)Defendants, et. al, severally and collectively, violated 15 U.S.C.

§1692(d),(e),(f),(g) and (j) by using and/or causing to be used communication(s) that threatened and intimidated Plaintiff and her family.

47) Defendants, Law Firm and Bank, et. al, severally and collectively violated 15 U.S.C. §1692e(2)(a) by false representation of the character of the debt.

48) Defendants, Law Firm and Bank, et. al, severally and collectively violated 1692e(2)(a) by falsely claiming that they have/had the holder in due course status and/or are/were the holder of proper assignment(s) in order to collect upon alleged debt.

49) Defendants Law Firm and Bank, et. al, severally and collectively violated 15 U.S.C. §1692e(2)(a), 1692f(1) by false representation of the character, amount or legal status of the alleged debt.

50) Defendants Law Firm and Bank, et al, have violated 1692 e(3) by not reviewing the complete file.

51) Defendant Law Firm, if they had examined the entire file, including the Defendant's Banks accounting records and ledgers, would have realized that Defendant Bank does not have specific evidence to conclusively prove that Defendant Bank lent Plaintiff Brown $1.00, $5.00, $10,000 or even conclusively prove that Defendant Bank does not owe Plaintiff Brown $5,730.92.

52) Defendants, Law Firm and Bank, et. al,, severally and collectively violated 15 U.S.C. §1692e(2)(a) by false representation of the amount of the debt, the whole effect, substance, quantity, import, result, or significance

thereof.

## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT III

53) Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto, which are incorporated herein by reference.

54) Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692 e(2)(a) by false representation of the amount without any verifiable information concerning the alleged debt (Title 15 U.S.C. § 1692a (5)) by stating it as fact in writing when the real fact of the matter is Defendants, Law Firm and Bank, et. al, have NOT PRODUCED ANY ORIGINAL contract and/or agreement, no documents, no holder in due course status and HAVE NOT PROVEN THEY are the real party of interest on any alleged loan with Plaintiff Brown and Defendant Bank (Citibank).

55) Defendants Law Firm and Bank, et. al, each violated 15 U.S.C. §1692e(2)(a) by false representation of the Amount.

56) Defendants Law Firm and Bank, et. al., violated 1692e(5), (4) (14) and (10) by not having authority to commence legal action without proper legal documents.

57) Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692e(3) by having no requisite knowledge of the case, but rather, Defendant Law Firm upon false, fraudulent, incorrect, extortionate, and scant information repeatedly pursued this claim, although Plaintiff disputed it from its

incipience.

58) Defendants Law Firm and Bank, et. al, violated 15 U.S.C. §1692e, e(3), e(10) by using U.S. Mails to forward Letters to Plaintiff, misleading Plaintiff to believe Law Firm and Bank, et. al, had legal representation of entire case.

59) Defendants Law Firm and Bank, et. al, severally and collectively, violated 15 U.S.C. §1692e(3) by falsely representing to Plaintiff, and/or other parties by and through the actions undertaken by said Defendants, that each had thoroughly examined the complete file.

60) Defendants, Law Firm and Bank, et. al, severally and collectively, violated U.S.C. §1692e(2)(a) by falsely representing the character, the ethical qualities of the subject matter of the alleged Debt.

61) Defendant Law Firm proves that he has violated 1692e(3) by not reviewing the files, if he had reviewed them thoroughly, he would have not initiated the fraudulent law suit for he would have realized that the Debt was disputed several times.

62) Defendants Law Firm and Bank, et. al, each violated 15 U.S.C. §1692e(2)(A) and 1692f(1) by filing a Complaint without substantiating the proper amount of the debt. Defendant Law Firm and Bank can not prove that Plaintiff Brown owes Defendant Bank (Citibank) or even if Defendant Bank owes Plaintiff any money at all.

63) Defendants Law Firm and Bank, et. al., each violated §1692e(2)(B) by false representation of any service rendered or compensation, which may

be lawfully received by any Debt Collector for the collection of Debt.

64)Defendants Law Firm and Bank, et. al., severally and collectively violated §1692e(2)a, (5) and (10) (deceptive and false) by filing legal action based upon no verified information.

65)Defendants, Law Firm and Bank, et. al, violated §1692e(2)(b), f(1) by false representation of service rendered or compensation, which may or may not be lawfully collected by any Debt Collector for the collection of debt, and by not showing a detailed total of the costs Defendants Law Firm and Bank, et. al. plan to invoice.

66)Defendants Law Firm and Bank, et. al. severally and collectively, violated §1692e(13) by representing to have original documentations when in fact, Defendants have not produced any original documents showing judgments against Plaintiff Brown, or other documentation referenced by Defendant Law Firm and Defendant Bank. 1692(10).

67)Defendants, Law Firm and Bank, et. al,, violated §1692e(2)(a) and f(1) by filing a legal action against Plaintiff Brown for a large sum of money when Defendants can not prove that Plaintiff Brown owes them anything, or if Defendant Bank owes Plaintiff Brown.

68)Defendants Law Firm and Bank, et. al., violated §1692e(2)(a), 1692e(10) and 1692e(13) by representing or implying that Defendants have the original documents when in fact they do not.

69)Defendants Law Firm and Bank, et. al., have not produced any legal status of the debt in violation of 1692e(2)(a) and can not produce any

verifiable documentation (signed contract, accounting ledgers and entries).

70) Defendants Law Firm and Bank, et. al., cannot substantiate the actual existence of the original contract or agreement nor can they prove that any one of the Defendants is the holder in due course to collect the alleged Debt, a violation of 15 U.S.C. §1692 et seq.

71) Defendant Law Firm et. al, has violated 1692e(3) by representing themselves as attorneys, which implies more authority than a Debt Collector and Defendant Law Firm knew and/or should know that his law firm was breaking both state and federal laws.

72) Defendants Law Firm and Bank, et. al, having direct interest by enterprise therein, precipitously filed illegal documents in order to receive a judgment, usurping due process otherwise afforded Plaintiff, as a means to upset or cause emotional distress or physical symptoms (i.e. headaches, loss of sleep.) 1692c,d,e,f,g,j and i.

73) Defendants Law Firm and Bank, et. al., are in violation of 15 U.S.C. §1692e(3) by false representation or implication that the entire file has been thoroughly examined by an attorney and that all communications are from an attorney.

74) Defendants Law Firm and Bank, et. al., have violated 15 U.S.C. §1692e(3), e(10), 1692d(1), and mail fraud by false representation that all Communications are from an attorney who has completely reviewed the files. The fact of receiving Notice initiated by Defendants Law Firm and Bank, et. al., caused Plaintiff to conclude that they were using the U.S.

Mail in an attempt to extort money from Plaintiff Brown.

75) Defendants Law Firm and Bank, et. al., are in violation of U.S.C. 15 §1692f(1) as they have produced no legal documentation to prove this Debt.

76) Defendants Law Firm and Bank, et. al., violated 15 U.S.C. §1692f(1), §1692e(2)(A) and sub-section 1692d(1) by not providing any copies of documentation in which to substantiate their alleged claim.

77) Defendants Law Firm and Bank, et. al., violated 15 U.S.C. §1692g for denying Plaintiff Brown proper validation of Debt.

78) Defendants Law Firm and Bank, et. al., each violated 15 U.S.C. §1692g by making a threat of suit in defiance of the debt validation request(s) in a manner that overshadowed the Notice of validation rights and would create confusion for a least sophisticated consumer regarding their rights.

79) Defendants Law Firm and Bank, et. al., each violated U.S.C. §1692g(b) by failing to provide verification of the debt and continuing Debt collection efforts after the Plaintiff had disputed the Claim.

80) Defendants Law Firm and Bank, et. al., each violated 15 U.S.C. §1692g(b) by failing to provide verification of the Debt and/or continuing Debt collection efforts by filing a Complaint against Plaintiff Brown after she was confused concerning her validation rights under the FDCPA.

81) Defendants Law Firm and Bank, et. al., violated 15 U.S.C. §1692 et seq., in that they have no legal standing to bring a claim as they have not been honest and forthright in their pursuit.

82)As a result of the above violations of the FDCPA, all Defendants' are severally and/or collectively liable to the Plaintiff for damages that Defendant's conduct violated the FDCPA, and Plaintiffs actual damages, statutory damages and cost.

83)Defendants actions in inflating the amount of the debt further violated 15 U.S.C. §1692f(1) in that Defendants et. al., were and are attempting to collect a sum, including any interest, fee charge or expense incidental to the principle obligation that was not authorized by the expressed agreement and or contract.

84)Defendant's et. al., lack the original agreement and/or contract to bring a claim and in complete disregard of the FDCPA in its entirety.

85)Even if Plaintiff was indeed liable to Defendants et. al., Plaintiff would be liable in far less amount being demanded by said Defendant(s) violation of 1692f(1).

86)Defendant's action(s) were and are false and misleading representation (1692e) and were deceptive and unconscionable (1692f(1)).

87)All the actions specifically undertaken by Defendants Law Firm and Bank, et. al., as otherwise supported, directed, supervised and/or controlled by the cabal of one or more of the above captioned      Defendants, violated 15 U.S.C. §1692f as an unfair and/or unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately preceding.

88)The entire actions of Defendants, by and through the collaborative efforts of each and every above captioned Defendant as may have been

severally and/or collectively involved, violated 15 U.S.C. §1692e in that the actions were false, deceptive and gave a misleading representation in that the Defendants et. al., did not provide any documentary evidence to validate that Plaintiff owed defendants anything, 1692f(1).

89) Defendants et. al. caused Plaintiff a great deal of emotional distress, by, subjecting Plaintiff to public ridicule, embarrassment, and mental anguish.

90) Defendants et. al., have used the Courts illegally and the courts should conduct their own sanctions hearing for these inexcusable actions.

91) Defendant Law Firm et. al. should have their licenses suspended for their wanton disregard of the law, the fraud committed upon the court, and the direct violations of Plaintiff's Constitutional rights.

92) Defendants' et. al., acts as described above, were done intentionally with the purpose of coercing and harassing Plaintiff into paying an alleged Debt.

93) As a result of the above violations, the Defendants, et. al., are liable to the Plaintiff for declaratory judgment that Defendants conduct violated the State Acts, Federal Acts and Plaintiff should be awarded actual damages, punitive damages, statutory damages and any other cost this honorable court can bestow upon these debt collecting law breakers.

94) Defendants, et. al., knew and/or should have known of the illegalities they have perpetuated with regard to our federal and state laws. Defendants, et. al., should be disciplined and or disbarred for their knowing and malicious vagrant lack of adherence to the laws and assault upon Plaintiff.

95) Defendants' Law Firm and Bank', et. al., acts were performed intentionally

for the purpose of coercing and harassing Plaintiff into paying the alleged, fraudulent Debt on behalf of Defendant Bank (Citibank) when Plaintiff Brown stated numerous times that she has never signed any agreement with Defendant Bank (Citibank).

96) As a result of the above violations, the Defendants, Law Firm and Bank, et. al, are liable to the Plaintiff for injunctive and declaratory relief, actual damages, punitive damages, statutory damages, costs and fees in the amount of $50,000.00.

97) In addition to the above violations, Defendant Bank is in violation of "Vicarious Liability under the Doctrine of Respondeat Superior" for the actions of its agents, servants and/or employees and directly supervised, controlled, managed and administrated the directions and/or orders to Defendant Law Firm, et. al.

98) Defendant Bank made the decision that Plaintiff Brown should be sued by Defendant Law Firm. Defendant Law Firm based this decision upon the order of Defendant Bank upon reviewing at best only cursory lawyer information containing consumer's name, address and the amount of alleged debt. Defendants, Law Firm and Bank, et. al., records will clearly show that the greatest majority of names supplied by all mentioned Defendants are using the same exact form letters substantiating all mentioned Defendants involvement and/or approval. BANK IS RESPONDEAT SUPERIOR.

99) If BANK did not approve of the criminal actions of Defendant Law Firm et.

defendants hereby have violated the "susceptible consumer" standard used in section 1692d by clearly taking advantage of Plaintiff's lack of legal sophistication as an analogous to the "least sophisticated consumer" standard used in 1692e.

104)    Defendants Law Firm and Bank, et. al., and all mentioned Defendants hereby have violated 1692d(2) because of their conduct of using written communication that is masquerading as Court documents; the natural consequence of which is to abuse the hearer or reader. (1692d).

105) Defendants Law Firm and Bank knew or should have known that it would be virtually impossible to collect a debt unless Plaintiff Brown has some fear of legal action, judges, or lawyers; and by oppressive, abusive, harassing, false and misleading representation, and unfair and unconscionable actions taken by Defendants to extort money from Plaintiff Brown without any supporting documentation at all to conclusively prove the legal status, character and legal amount of the debt in violation of 1692d, 1692e, 1692f and all the other provisions of the FDCPA and state statutes referenced in this Complaint.

106)    Defendant Law Firm with the approval of Defendant Bank knew and should have known that Plaintiff Brown was not legally liable to pay Defendant Bank (Citibank) and these collection actions violated 15 U.S.C.1692a-o and specifically §1692e(5), e(10), 1692f(1), 1692d(1).

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

## COUNT IV

107)   Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto are incorporated herein by reference.

108)   Defendants Law Firm and Bank, et. al., have used false, deceptive or misleading representations or means, in violation of Section 807, of the FDCPA, 15 U.S.C. §1692e, Section 806 of the FDCPA, 15 U.S.C. §1692d, harassment or abuse, Section 809 of the FDCPA, 15 U.S.C. §1692f, Unfair practices, Section 810 of the FDCPA, 15 U.S.C. §1692g, validation of debts, FDCPA §§1692i and k, and under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause. This Court should use the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. 2461, as amended, which authorizes this honorable Court to award monetary penalties of not more than $11,000 for each violation of the FDCPA as clearly was the intent of Congress, or use a more liberal $1,000 per violation to prevent attorney debt collectors to use their superior knowledge of the court system in a way Congress intended, to protect consumers by removing the attorney exemption in 1986 that was in the original act of 1977. This fact alone conclusively supports our conclusions and the Heinz v Jenkins ruling by the U.S. Supreme Court makes it unmistakably clear that Congress gave the Courts to prevent attorney debt collectors from breaking the FDCPA. The best way, besides taking the Attorney's bar card, is through increased amounts of financial

penalties that keep up with inflation. Based upon the rate of inflation projected by the Federal Reserve Board of Governors, the actual rate of inflation in 2006 in comparison to 1977 would be $3,000.00 per violation. Congressional intent was clear that penalties for breaking Congressional intent by law breaking debt collectors should be penalized based upon inflation to prevent debt collectors and especially law firms from making millions of dollars by breaking federal law thus denying Plaintiff Brown her Constitutional safe guards as Congress intended. This court must prevent attorney debt collectors from viewing these penalties as simply a cost of doing business, which should be quite clear, was contrary to the Fair Debt Collection Practices Act. To allow these gross violations by Defendant Law Firm, a debt collector, would be in direct contradiction to the true intentions of Congress, to protect the least sophisticated and susceptible consumer.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants individually and/or severally for the following:

a) Enter judgment against Defendants, severally and collectively, pursuant to their respective complicity thereto, in favor of Plaintiff for each and every applicable violation charged in this complaint;

b) Consider the statute of limitations as otherwise applicable to this suit as merely procedural in effect, in the furtherance of adjudicating for judgment rendered, the long established patterns of abuse as attributed to said Defendants; (Under the Federal Civil

Penalties Inflationary Adjustment Act of 1990 the statues on FDCPA violations are FIVE YEARS.)

c) Permanently enjoin and restrain Defendants, severally and collectively from violating the FDCPA and all the referenced Federal and State Laws in the Complaint and award damages, both compensatory and punitive;

d) Expunge the entire alleged debt amount from any records;

e) No lawsuit or complaint is ever to be made with regard to this alleged debt at any time in the future;

f) Award Plaintiff the costs of bringing this action, as well as such other additional relief as the court may determine to be just and proper, and/or under the Federal Civil Penalties Inflation Adjustment Act of 1990 and under the Fourteenth Amendment of the United States Constitution (equal protection clause), the highest equitable award to prevent Debt Collector activities; and,

g) Enforcement of all provisions of the FDCPA and applicable state laws and other laws to force these Debt Collectors to follow the law and the intention of Congress, that is to curb collection abusive practices by Debt Collectors.

h) That an order be entered declaring that the Defendants' actions as described above are in violation of the FDCPA;

i) That an order be entered enjoining Defendants from continuing to communicate with Plaintiff in violation of the FDCPA;

j)    That judgment be entered against Defendants for actual damages
      pursuant to 15 U.S.C. § 1692k(a)(1);

k)    That judgment be entered against Defendants for statutory
      damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

l)    That the Court award costs and reasonable attorney's fees
      pursuant to U.S.C. §1692k(a)(3); and

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FCEUA AND UTPCPL

### COUNT V

109)  Plaintiff repeats, alleges and incorporates by reference all above
      paragraphs hereto, which are incorporated herein by reference.

110)  Continuing to file repeated documents in Court as a means of
      harassment by repeatedly and continuously causing Plaintiff Brown to use
      hundreds of hours to defend against this frivolous and fraudulent law-suit
      by Defendant Law Firm and the master, Defendant Bank.

111)  Falsely representing and/or ignoring and/or knew and should have
      known that documents in order to support Defendant Law Firm's and
      Defendant Bank's action were deceptive and violated all the referenced
      state and federal statures in Plaintiff Brown FDCPA law suit.

112)  Defendant Law Firm and Defendant Bank knew and or should have
      known by examining the files that Defendant's lacked sufficient evidence
      to initiate their complaint.

113) Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and using the Court system as a method of coercing Plaintiff Brown to pay the unsubstantiated debt with Defendant Bank (Citibank)

114) As a result of the foregoing violations, Plaintiff Brown has suffered ascertainable losses entitling her to an award of actual, statutory and treble damages and attorney's fees and costs; also Plaintiff's actual damages, statutory damages, costs and money to compensate Plaintiff Brown for her lost time defending this frivolous law suit.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FCEUA AND UTPCPL

### COUNT VI

115) Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto are incorporated herein by reference.

116) Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment in a sum no less than $50,000 be entered against the Defendants in addition to the following:

a) Declaratory judgment that Defendants conduct violated the FDCPA,

and declaratory and injunctive relief for the Defendants' violations

of the state Act;

b) Actual damages;

c) Statutory damages pursuant to 15 U.S.C. § 1692k.

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k

e) For such other and further relief as may be just and proper.

Respectfully submitted,

Michele C. Brown

Michele C. Brown, Plaintiff, Pro-per